JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Susan Milkowich, P.O. Box 1447, Blue Hill, ME 04614

**DEFENDANTS**
Redner's Markets, Inc., 3 Quarry Road, Reading, PA 19605

**(b)** County of Residence of First Listed Plaintiff   Hancock
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Berks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Snyder Law Group, P.C.
121 Ivy Lane, King of Prussia, PA 19406
610-265-8050

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1391(a)
Brief description of cause:
Fall

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
150,000.01

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  9/5/17
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #  _____   AMOUNT  _____   APPLYING IFP  _____   JUDGE  _____   MAG. JUDGE  _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| SUSAN MILKOWICH | : | CIVIL ACTION |
| v. | : | |
| REDNER'S MARKETS, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 9/8/17 | Robert P. Snyder, Esq. | |
| | Erik P. Snyder, Esq. | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-265-8050 | 610-265-6638 | bob@Snyderinjurylaw.com |
| | | erik@Snyderinjurylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: P.O. Box 1447, Blue Hill, ME 04614

Address of Defendant: 3 Quarry Road, Reading, PA 19605

Place of Accident, Incident or Transaction: Redner's Markets, Inc., 1179 Douglasville Center, Douglassville, Berks County, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) Premises Liability

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Robert P. Snyder, Esq., counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 9/8/17     Attorney-at-Law     15367 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/8/17     Attorney-at-Law     15367 Attorney I.D.#

CIV. 609 (5/2012)

SNYDER LAW GROUP, P.C.
BY:   ROBERT P. SNYDER, ESQUIRE
      ERIK P. SNYDER, ESQUIRE
ATTY. ID NO. 15367, 315999
121 Ivy Lane
King of Prussia, PA 19406
(p) (610) 265-8050    (610) 265-6638 fax                **Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN MILKOWICH<br>P.O. Box 1447<br>Blue Hill, ME 04614<br>    Plaintiffs<br><br>v.<br><br>REDNER'S MARKETS, INC.<br>3 Quarry Road<br>Reading, PA 19605<br>    Defendant | :<br>:<br>:<br>:<br>:<br>:  No.:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

AND NOW, comes the Plaintiff, Susan Milkowich, by and through her attorneys, SNYDER LAW GROUP, P.C., who respectfully set forth the following:

## PARTIES

1. Plaintiff, Susan Milkowich, is an adult American citizen, who, at all times relevant hereto, has been a citizen of the United States, who previously resided within the Commonwealth of Pennsylvania, but is currently residing in the state of Maine.

2. Defendant Redner's Markets, Inc., is believed, and therefore averred, to be a corporation organized, existing, and registered to do business in the Commonwealth of Pennsylvania,

with its registered office at the above-captioned address, and a principal place of business at 1179 Douglasville Center, Douglassville, Berks County, Pennsylvania.

3. At all times relevant hereto, Defendant did act and/or fail to act through its duly authorized agents, servants, workman, and/or employees, all of whom were, at all relevant times, acting within the scope of their business relationship with Defendant, and in furtherance of Defendant's business interests, pursuant to actual and/or implied authority.

## JURISDICTION AND VENUE

4. The District Court has original jurisdiction of this action by reason of the amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs, and the action being between citizens of different states, pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), as the Plaintiff resides in Maine and the Plaintiff is incorporated in and/or its principal place of business is in Pennsylvania, and in this District. Venue also is proper in this District because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this District.

## COUNT I – NEGLIGENCE

6. The proceeding paragraphs are hereby incorporated by reference as though fully set forth at length herein.

7. On or about November 1, 2015, and for some time prior thereto, Defendant did own and/or possess the premises located at Douglassville Shopping Center, Berks County, Pennsylvania, where Defendant did own, possess, and/or operate a certain grocery store or

supermarket, it being the obligation and duty of Defendant, at the time and place in question, to exercise the highest degree of care, for the benefit and protection of Plaintiff, as well as other business invitee members of the public, in order to keep the premises, and, in particular, the sidewalks, and entrance ramps, in the area of the front of the store, where shopping carts were regularly kept, in a reasonably safe and nonhazardous condition for persons shopping at the store, with any such hazard, which Defendant either knew, or in the exercise of reasonable care, should have known, existed, having been remedied and/or communicated with general warning to the public, including Plaintiff herein.

8. On the date aforesaid, at or about 10:15 a.m., while Plaintiff was lawfully obtaining a shopping cart, next to the post by the curb, adjacent to large lines of carts, Plaintiff took a step, leading forward with her right foot, intending to go down a slight curb, and around the large stack of carts, when, suddenly, and without warning, the cart that Plaintiff was holding flipped, causing Plaintiff to lose her balance, and fall to the pavement/parking lot, sustaining various and sundry injuries, as more fully set forth below.

9. The Plaintiff fell as a result of an unmarked, unpainted, miniature ramp having been erected by Defendant, in the area where Plaintiff's cart flipped, causing Plaintiff to fall.

10. The area where Plaintiff fell was not set off with any type of safety colored warning paint, and, instead, created an unreasonably dangerous condition to persons seeking to obtain a cart in the Defendant's store for the purpose of shopping.

11. The above-described condition of the location where Plaintiff fell constituted a hazardous and dangerous condition which the Defendant created, knew existed, or through the exercise of reasonable care, should have known existed, prior to Plaintiff having been injured.

12. The above-described accident, fall, and injuries to Plaintiff were caused as a result of the following negligence, carelessness, and/or recklessness by the Defendant:

   a) Defendant did cause or permit the condition to exist upon its premises at a point where it imposed an unreasonable risk of harm to Plaintiff and other business visitors;

   b) Defendant did fail to make reasonable inspections of the premises which would have revealed the existence of the dangerous condition and permitted the Defendant to cure same or warn of same;

   c) Defendant did fail to properly and adequately maintain the premises, and, in particular, by its equipment, shopping carts, in order to have them proceed to operate with the wheels going in the direction in which the shopping cart was pushed, rather than pulling to one side, which, under the circumstances presented herein, contributed to the cart flipping over and Plaintiff losing her balance and falling to the ground.

13. As a result of the above-described negligence, carelessness, and/or recklessness of the Defendant, Plaintiff received various and sundry injuries to and about her person, including, but not limited to, the following: fracture of the navicular bone of the right wrist, closed fracture of the lower and the left radius, right shoulder pain; neck, mid-back, and low-back pain; aggravation of pre-existing degenerative spinal joint disease; and a severe and permanent shock to her nerves and nervous system, all of which have caused her great physical pain and anguish in the past, in addition to causing her to be unable to attend to and about her normal and usual daily duties and activities, for an extended period of time, and, in all likelihood, such condition will continue for an indefinite period of time into the future.

14. As a result of the above-described wrongful conduct of the Defendant, Plaintiff has incurred various items of economic loss, including, but not limited to, medical care and treatment, in endeavoring to treat and cure herself of the injuries sustained, which, in all likelihood, will continue for an indefinite period of time in the future.

15. As an additional result of the aforementioned incident, Plaintiff has sustained an impairment of earning capacity and/or also loss of earnings.

16. All of the aforementioned injuries have caused the Plaintiff to suffer great physical and mental pain, agony, and anguish, in the past, and will, in all likelihood, continue to do so for an indefinite period of time into the future.

17. At all times relevant hereto, Plaintiff acted with due care.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby prays that this Honorable Court:

a. Enter a judgment against the Defendant for an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) exclusive of interest and costs or such greater amount of compensatory and punitive damages as may be determined at trial by the jury;

b. Enter a judgment against the Defendant for interest and costs;

c. Grant such other and further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A TWELVE PERSON TRIAL BY JURY ON ALL COUNTS.

Respectfully Submitted By:

**SNYDER LAW GROUP, P.C.**

Date: 6-30-17      BY: _____
                        ROBERT P. SNYDER, ESQUIRE
                        Attorney for Plaintiff

Date: 6-30-17      BY: _____
                        ERIK P. SNYDER, ESQUIRE
                        Attorney for Plaintiff

## **VERIFICATION**

I verify that the statements made in the foregoing are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C. S. Section 4904 relating to unsworn falsification to authorities.

DATE: 9\8\17                                    SIGNATURE: _____