IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSAN MILKOWICH,                  :        CIVIL ACTION
        Plaintiff,                :
                                  :
                                  :
                                  :
REDNER'S MARKETS, INC,            :
        Defendant.                :        NO.  17-cv-4062

**MEMORANDUM OPINION**

Presently before the court are Defendant Redner's Markets, Inc.'s ("Defendant") Motion for Summary Judgment (Doc. 19), Plaintiff Susan Milkowich's ("Plaintiff") Response in Opposition (Doc. 20), and Defendant's Sur Reply (Doc. 21). Upon consideration of the parties' motions with briefs and exhibits, and for the reasons set forth below, Defendant's Motion for Summary Judgement (Doc. 19) is **GRANTED**.

I. FACTUAL AND PROCEDURAL HISTORY[1]

Plaintiff brings the instant civil action for damages against Defendant alleging negligence. The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

The claim arises from a fall sustained by Plaintiff at the Defendant's grocery store located at the Douglassville Shopping Center, Berks County, Pennsylvania on November 1, 2015. (Compl. ¶ 7, 8.) Plaintiff arrived at Defendant's store at approximately 10:15 a.m. and parked in the parking lot in front of the store. (Pls. Br. 8, Doc. 20; Milkowich Dep. 69-70.) Plaintiff frequented the store at least two or three times per week. (Milkowich Dep. 63.) Once parked, Plaintiff walked to get a shopping cart. (Pls. Br. 8, Doc. 20; Milkowich Dep. 72.) On

---
[1] The facts described herein are undisputed.

1

Plaintiff's way to get a shopping cart, Plaintiff stepped up onto a painted yellow curb in order to get onto the sidewalk. (Pls. Br. 8, Doc. 20; Milkowich Dep. 73.) Once on the sidewalk, Plaintiff selected a "shorty" cart that was not in the cart corral. (Pls. Br. 9, Doc. 20; Milkowich Dep. 72.) From the location where Plaintiff retrieved the "shorty" cart, Plaintiff was unable to remain on the sidewalk while pushing the cart into the store entrance because the cart corral was in between Plaintiff and the store entrance. (Milkowich Dep. 76.) To navigate around the cart corral Plaintiff pushed the "shorty" cart off the curb and into the street; however, when Plaintiff pushed the "shorty" cart off the curb the cart flipped over, and Plaintiff fell forward. (Pls. Br. 9, Doc. 20; Milkowich Dep. 76-7.) Plaintiff sustained serious injuries from the fall. (Compl. ¶ 13.)

## II. LEGAL STANDARD

Summary judgment is awarded only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a); Liberty Mut. Ins. Co. v. Sweeney, 689 F.3d 288, 292 (3d Cir. 2012). A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986); Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. See Anderson, 477 U.S. at 248; Fakete v. Aetna, Inc., 308 F.3d 335, 337 (3d Cir. 2002).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence, it would be insufficient to permit the non-moving party to carry its burden of proof. See Celotex v. Catrett, 477 U.S. 317, 327 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden

2

can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. Once the moving party has carried its burden under Rule 56, "its' opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Scott v. Harris, 550 U.S. 372, 380 (2007). Under Fed. R. Civ. P. 56(e), the opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. See Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007). As such, the non-moving party cannot "rely merely upon bare assertions, conclusory allegations or suspicions" to support its claim. Fireman's Ins. Co. v. DeFresne, 676 F.2d 965, 969 (3d Cir.1982).

At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. See Anderson, 477 U.S. at 249 (citations omitted); Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 253 (3d Cir. 2007). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. When deciding a motion for summary judgment, the court must construe the facts and inferences in the light most favorable to the non-moving party. See Horsehead Indus., Inc. v. Paramount Communications, Inc., 258 F.3d 132 (3d Cir. 2001). The court must not resolve factual disputes or make credibility determinations. Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1127 (3d Cir.1995).

III.   DISCUSSION

Plaintiff asserts a negligence claim based on premises liability. As a federal court exercising diversity jurisdiction in this case, we must apply state substantive law and federal

3

procedural law.  See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262 (3d Cir. 2011); Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  Here, Pennsylvania state law will govern.

For a plaintiff to prevail in a negligence action under Pennsylvania state law, the plaintiff must establish: "(1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach caused the injury in question; and (4) the plaintiff incurred actual loss or damage." Krentz v. Consol. Rail Corp., 910 A.2d 20, 27-28 (Pa. 2006) (citation omitted); see also Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 139 (3d Cir. 2005).  The nature of the duty turns upon the relationship between the parties at the time of the plaintiff's injury.  See, e.g., Pittsburgh Nat'l Bank v. Perr, 431 Pa.Super. 580, 637 A.2d 334, 336 (Pa. Super. Ct. 1994).  The parties do not dispute that Plaintiff was an invitee at Defendant's store.  (See Def. Br. 9, Doc. 19-1; Pl. Br. 11, Doc. 20.)

It is well settled that a business owner owes a duty to an invitee to maintain the premises "in a reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation was extended." David by Berkeley v. Pueblo Supermarket of St. Thomas, 740 F.2d 230, 236 (3d Cir. 1984) (citation omitted).  "An invitee is entitled to expect that the [business owner] will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein." Restatement (Second) of Torts § 343 (1965), comment d.  However, a possessor of land is "not an insurer of the visitor's safety." Rabutino v. Freedom State Realty Co., 809 A.2d 933, 939 (Pa. Super. Ct. 2002) (citation omitted).  Rather, a possessor of land is subject to liability for physical harm caused to invitees by a condition on the land if, but only if, the possessor:

> (a) knows or by the existence of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that [the invitee] will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983) (adopting Restatement (Second) of Torts § 343 (1965)). "[T]he mere happening of an accident or an injury does not establish negligence nor raise an inference or presumption of negligence nor make out a prima facie case of negligence." Amon v. Shemaka, 419 Pa. 314, 214 A.2d 238, 239 (Pa. 1965).

A plaintiff's ability to produce evidence of a dangerous or hazardous condition is the crux of a premises liability action. See Restatement (Second) of Torts § 343. Pennsylvania courts require plaintiffs to prove the existence of a harmful condition and proof that the defendant knew, or in the exercise of reasonable care should have known, of the harmful condition, meaning that the store owner deviated in some way from his duty of reasonable care under the circumstances. See, e.g., Zito v. Merit OutleStores, 647 A.2d 573, 575 (Pa. Super. Ct. 1994). A possessor of land, however, is not liable to invitees "for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983) (citing Restatement (Second) of Torts § 343A.).

The Pennsylvania Supreme Court explained that a danger is deemed to be "obvious" when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment." Id. at 123-24 (citing Restatement, supra, § 343A comment b). The Court further

explained that for a danger to be "known," it must "not only be known to exist, but ... also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated." Id. at 124 (citing Restatement, supra, § 343A comment b). Although the question of whether a danger was known or obvious is usually a question of fact for the jury, the question may be decided by the court where reasonable minds could not differ as to the conclusion." Id. (citing Restatement (Second) of Torts § 328B cmts. c., d.).

In Defendant's motion for summary judgement, Defendant contends that Plaintiff failed to produce evidence to establish Defendant breached its duty of care. (Def. Br. 10, Doc. 19-1.) Defendant explains that (1) Plaintiff failed to establish that a defect existed in the area where her fall occurred; (2) Plaintiff failed to produce evidence that there was a defect in the shopping cart; and (3) Plaintiff failed to produce evidence as to what caused Plaintiff to fall. (Id. at 10-11.) Moreover, Defendant denies liability on the basis that "[Plaintiff] proceeded in the face of an open and obvious condition for which she was aware of" when Plaintiff pushed the cart over the curb. (Id. at 12) In response, Plaintiff admits that the cart was functioning properly and that there were no defects in the area where she pushed the cart, but explains due to the "shorty" cart's design it is inclined to tip over and explains that the reason the cart flipped over was because "[the cart] propelled itself forward, it flipped over." (Pl. Reply ¶ 16, 20, 48, Doc. 20; Milkowich Dep. 82) Plaintiff testified:

> Q: Had you ever done that before, pushed one of the small carts off [the curb]?
> A: Yes.
> Q: How was this different today, that day?
> A: This one flipped over and I fell.
> Q: Okay. And I am just having difficulty with the concept of flipping over. I'm not understanding. The wheels hit, right, and

6

> you don't – you can't tell me if the wheels went to the side or stayed straight?
>
> A: I don't know.
>
> Q: You just know that – when the wheels hit, what happened to the cart itself?
>
> A: It propelled itself forward, it flipped over.
>
> [. . .]
>
> Q: Do you know if there was anything wrong with this cart?
>
> A: I do not.
>
> Q: Did you bring the cart into the store with you?
>
> A: I did not.
>
> Q: Did you examine the cart at all afterwards?
>
> A: I did not.

Milkowich Dep. 81:22–82:11.

Plaintiff has not presented any evidence regarding plaintiff's assertion that "shorty" carts are "more susceptible to falling over and tipping[.]" (See Pls. Br. 3, Doc. 20)  The contention that the cart is lighter and less stable than the regular sized cart is also not supported by any evidence in the record.  Id.  Initially, this court notes that several jurisdictions adhere to the general rule that "a store owner has no duty to take measures to guard against the negligent or intentional misuse of shopping carts by patrons" because "[a] shopping cart is not an inherently dangerous instrumentality and no substantial risk of injury is implicit or inherent in the furnishing of shopping carts to patrons by a storeowner."  See 62A Am. Jur. 2d Premises Liability § 525.  Plaintiff's design contentions are bare assertions.  Plaintiff has not put forth an expert report to support her contention that the "shorty" carts are dangerous or less stable. Plaintiff merely states that the reason the cart tipped over was because "it propelled itself forward[,]" presumably as evidence of defect.  (Pl. Reply ¶ 20)  However, Plaintiff testified the

7

propelling force was Plaintiff's own force pushing the cart over the curb. (See Milkowich Dep. 77) Plaintiff's vague testimony is insufficient to establish that the cart's "shorty" design was defective. As such, Plaintiff's contention that the "shorty" cart's design makes the cart more inclined to tip over is merely a bare assertion and conclusory allegation insufficient to support Plaintiff's claim. See Fireman's Ins. Co. v. DeFresne, 676 F.2d 965, 969 (3d Cir.1982). Consequently, Plaintiff has failed to put forth evidence that the cart is dangerous, therefore, Plaintiff has also failed to show that Defendant breached its duty on this basis.

Next, Plaintiff explains that the "shorty" cart and the adjacent curb is defective because it created "the potential for the cart to flip over the curb[.]" (Pl. Reply ¶ 19.) Plaintiff explains that the "condition present at [Defendant]'s supermarket sidewalk, parking lot, adjacent ramp, together with the shopping cart, its potential to tip over, and the shopping cart storage area" may be an obvious and avoidable danger, but that such a question is a jury question. (Pl. Reply ¶ 36.) In support of Plaintiff's argument, Plaintiff relies on the decision Martin v. Wal-Mart Stores E., L.P., CV 17-4225, 2018 WL 4489659 (E.D. Pa. Sept. 18, 2018). (Pl. Br. 6)

In Martin, the court ruled against Wal-Mart Stores in a summary judgement motion finding that there were genuine issues of material fact. Martin, CV 17-4225, 2018 WL 4489659 at 3-5. The issues included whether a reasonable person in Martin's position would have recognized the risk of attempting to retrieve merchandise on an overhead rack; whether Martin's attempt to seek help was adequate; and whether a store associate was appropriately available given the time frame. Id. The relevant facts of Martin are that after unsuccessfully seeking the assistance of a Wal-Mart employee, Martin stepped up onto an elevated shelf to reach an overhead rack and while reaching lost her balance and fell. Id. at 4. The record before the court included an expert report by a "retail industry consultant[.]". Id. at 1. The expert report

indicated that "[g]ood safety rules require an employee presence" but the expert did not indicate "whether there was a reasonable amount of time within which [the Walmart employee] should have been expected to ... zone[ ] after completing her duties related to assisting the other customer." Id. at 4-5. In denying summary judgement, the court explained that "[t]hese factual disputes are "material" in that they relate to Wal-Mart's duty to exercise reasonable care to protect its customers against a dangerous condition[.]" Id. at 5. The current case is distinguishable from Martin because Plaintiff has not put forth facts or a comparable expert report to establish a material factual dispute asto Defendant's duty regarding the "shorty" carts and Defendant's breach thereof.

Furthermore, in Martin, the court differentiated its case from Carrender v. Fitterer, 469 A.2d 120, 123 (Pa.1983) explaining that unlike in Carrender Martin lacked the subjective awareness of the risk she faced when she reached for the product. Id. at 3. In Carrender, the Supreme Court of Pennsylvania held that judgement as a matter of law, in favor of the defendant, was appropriate where uncontradicted evidence showed that the danger was both obvious and known and that the defendant reasonably expected that the danger would be avoided. 496 A.2d 120, at 121-22. In Carrender, a plaintiff visiting a medical clinic parked in the clinic parking lot next to a sheet of ice. Id. at 121. When she returned to her car, she slipped on the ice and was injured. Id. at 122. The evidence disclosed that there were areas in the parking lot that were not ice-covered, and that plaintiff saw the ice next to her car and appreciated the danger that she might fall. Id. The court concluded that reasonable minds could not differ as to the conclusion that the danger was known or obvious, therefore, the defendant did not have a duty to protect the invitee against such a danger. Id. at 125

In the present case, Plaintiff explains that there is no evidence that Plaintiff knew the condition to be dangerous, therefore, this court should follow Martin and deny summary judgement. (Pl. Br. 12-13) In support of this argument, Plaintiff points to Plaintiff's testimony. Plaintiff testified:

> Q: Did you go toward the ramp or off the curb?
>
> A: Off the curb.
>
> Q: And why would you do that?
>
> A: It was the shortest distance to the doors.
>
> [. . .]
>
> Q: Is there a reason you didn't use the ramp?
>
> A: Because I was going off the curb.
>
> Q: Okay. But you saw there was a ramp there, it was within three feet of you, four feet of you?
>
> A: Yes.
>
> Q: And it was easily accessible to you?
>
> A: Yes.
>
> Q: And you understood ramps, that's one of the purposes of ramps to allow wheeled vehicles to go up and down safely?
>
> A: Yes.
>
> Q: But you consciously instead chose to drive it off a curb, and I'm trying to understand why.
>
> A: It seemed like the logical thing to do.

Milkowich Dep. 76:25–77:25.

Although Plaintiff may have lacked the subjective awareness of the risk she faced, the issue is whether a reasonable person in Plaintiff's position, exercising "normal perception,

10

intelligence, and judgment," would have recognized the potential falling hazard in attempting to wheel a shopping cart over a curb. See Carrender, 469 A.2d at 123-24. It must be concluded that a reasonable person in Plaintiff's position would have recognized the risk and would have used the ramp located feet away from where Plaintiff fell. The danger posed by pushing a cart off the curb, a curb which was painted yellow[2], was both obvious and known, and Defendant could have reasonably expected that any danger would be avoided by its patrons. This case is distinguishable from Martin because in Martin "the attraction of the dangling string and the support of the nearby beam suggest that the risk might have appeared lower than upon first blush." See Martin, CV 17-4225, 2018 WL 4489659 at 3-4. In Martin, the risk was not just comprised of standing on the shelf, but also encompassed losing one's balance once the product was retrieved from the shelf or the product falling from the shelf. Id.

Here, there was no attraction and no secondary risk. The danger of pushing any wheeled cart off a curb is obvious because individuals encounter curbs and small ramps in their everyday life, therefore, any danger would have been apparent to a reasonable person. Defendant did not have a duty to protect Plaintiff against any possible danger associated with pushing a "shorty" cart off a curb.

Plaintiff has failed to produce evidence to establish Defendant breached its duty of care to its business invitee and has failed to establish any genuine issue of fact for trial.

---

[2] Pl. Br., Exh. A., Doc. 20-1.

IV. CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment will be GRANTED.

An appropriate Order will follow.

BY THE COURT:

　/S/ LINDA K. CARACAPPA　　　
LINDA K. CARACAPPA
UNITED STATES CHIEF MAGISTRATE JUDGE

[Additional Note: The court acknowledges that Melanie Rader, Esquire, made significant contributions to the research and preparation of this memorandum opinion.]